# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00099-CR

**Jarod Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-18-205442, THE HONORABLE TAMARA NEEDLES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Jarod Smith was convicted of the offense of attempting to take a weapon from a peace officer under Section 38.14 of the Texas Penal Code. *See* Tex. Penal Code § 38.14(b) ("Taking or Attempting to Take Weapon from Peace Officer, Special Investigator, Employee or Official of Correctional Facility, Parole Officer, Community Supervision and Corrections Department Officer, or Commissioner Security Officer."). In two issues on appeal, Smith asserts that the evidence is insufficient to support the conviction for the offense as set forth in the indictment.[1] Because we conclude that a material variance exists between the allegations in the indictment and the evidence presented at trial, we agree that the

---

[1] In his first issue, Smith asserts that "[t]he evidence presented at trial was inadequate to provide proof beyond a reasonable doubt of each and every element of the offense as it was pleaded in the indictment." In his second issue, Smith contends that "[t]he trial court erred in finding that the indictment was adequate."

evidence is insufficient to support Smith's conviction. Consequently, we reverse the judgment of conviction and render a judgment of acquittal.

## BACKGROUND

Smith was charged by indictment with one count of forcibly attempting to take a weapon from a peace officer. *See id.* The charge arose out of an altercation that occurred near a homeless shelter in downtown Austin on August 8, 2018.

The State's witnesses at trial included a community-health paramedic with Austin-Travis County EMS, Craig Fairbrother. Fairbrother testified that he was outside the shelter when he observed Smith yelling in "a threatening manner and tone" at a uniformed security officer, later identified as Walter G. Herbert. Fairbrother then saw Smith shove and start hitting Herbert, at which point Fairbrother and a second security officer, Richard Ornelas, intervened to stop Smith. Fairbrother testified that during the struggle that followed, he saw Smith reach for Ornelas's holstered firearm and that "[i]t was an attempt to take [the firearm] out." Smith testified in his own defense and claimed that Herbert and Ornelas had initiated the attack against him. *See id.* § 38.14(d) (providing defense when victim was using excessive force). Smith also denied ever touching or attempting to take Ornelas's weapon.

Upon the conclusion of the bench trial that followed, the trial court found Smith guilty of the charged offense and sentenced him to two years' confinement in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

## STANDARD OF REVIEW

In reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether a rational

2

trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1973); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). We measure whether the evidence presented at trial was sufficient by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Hernandez v. State*, 556 S.W.3d 308, 312 (Tex. Crim. App. 2017) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The law "as authorized by the indictment" generally refers to "the statutory elements of the offense . . . as modified by the charging instrument." *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012) (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).

Here, Smith was charged with "attempting to take a firearm" under Section 38.14(b) of the Penal Code. This provision states:

> A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace office, federal special investigator, employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer the officer's, investigator's, employee's, or official's firearm, nightstick, stun gun, or personal protection chemical dispensing device.

Tex. Penal Code § 38.14(b). The indictment against Smith alleged that:

> [Smith], on or about the 8th day of August, 2018, . . . did then and there intentionally and knowingly, with force, attempt to take from **a peace officer**, to-wit: R. ORNELAS, III, said officer's firearm by attempting to take the firearm out of its holster, with the intention of harming the officer or a third person[.]

3

(Emphasis added). The undisputed evidence presented at trial established that Ornelas is not a "peace officer" but instead is a "commissioned security officer."[2] Smith's argument on appeal, liberally construed, is that this "variance" between the allegations in the indictment and the State's proof renders the evidence against him insufficient as a matter of law.

A variance occurs when, as in this case, there is a discrepancy between the allegations in the charging instrument and the evidence presented at trial. *Johnson*, 364 S.W.3d at 294. "In a variance situation, the State has proven the defendant guilty of a crime but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). There are two types of variances in an evidentiary-sufficiency analysis: material variances and immaterial variances. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). A variance is material if it (1) fails to adequately inform the defendant of the charge against him, or (2) subjects the defendant to the risk of being prosecuted later for the same crime. *Ramjattansingh v. State*, 548 S.W.3d 540, 547 (Tex. Crim. App. 2018); *Gollihar*, 46 S.W.3d at 258. "Only material variances will affect the hypothetically correct jury charge" and render the evidence legally insufficient. *Hernandez*, 556 S.W.3d at 312. Whereas, "[a]llegations giving rise to immaterial variances may be disregarded in the hypothetically correct [jury] charge." *Gollihar*, 46 S.W.3d at 257.

---

[2] In Section 38.14, "commissioned security officer" has the meaning assigned by "Section 1702.002(5), Occupations Code." Tex. Penal Code § 38.14(a)(3). Accordingly, the phrase "commissioned security officer" under Section 38.14 of the Penal Code means "a security officer to whom a security officer commission has been issued by the [Texas Department of Public Safety]." Tex. Occ. Code § 1702.002(5). Although "peace officer" is not defined in Section 38.14, when used in the Penal Code, "[p]eace officer" means "a person elected, employed, or appointed as a peace officer under Article 2.12 [of the] Code of Criminal Procedure or Section[s] 51.212 or 51.214 [of the] Education Code, or other law." Tex. Penal Code § 1.07(a)(36). At trial, Ornelas testified that he is a commissioned security officer and not a peace officer.

4

A variance can occur in two different ways. *Hernandez*, 556 S.W.3d at 313. The first way involves the statutory language that defines the offense and occurs when the State's proof at trial deviates from the statutory theory of the offense as alleged in the indictment. *Id.* This type of variance—a statutory variance—is always material and renders the evidence legally insufficient to support the conviction. *Id.* The second way a variance occurs is when the State's proof at trial deviates from a "non-statutory allegation that is descriptive of the offense in some way." *Id.* at 313-14 (quoting *Johnson*, 364 S.W.3d at 294). A non-statutory variance can be either material or immaterial, depending on whether it would result in a different offense than what the State alleged. *Id.* at 314.

In *Johnson v. State*, the Texas Court of Criminal Appeals distinguished between statutory and non-statutory variances using hypotheticals. 364 S.W.3d at 296. The court explained that a statutory variance occurs when "a statute specifies alternate methods by which an offense could be committed, the charging instrument pleads one of those alternate methods, but the State proves, instead, an unpled method." *Id.* at 294. To illustrate this type of variance, the court relied on the retaliation statute, which makes it a crime to threaten a "witness" or "informant." *Id.* The court explained that a statutory variance would occur under the retaliation statute if the State pleaded only "witness" in the charging instrument and then proved only an "informant" at trial. *Id.* On the other hand, a non-statutory variance would occur if the charging instrument pleaded "Mary" as the victim, but the State proved "John" at trial, or if the charging instrument pleaded that the offense was committed with a knife, but the State proved that a baseball bat was used. *Id.*

Section 38.14(b) makes it a criminal offense to take or attempt to take a weapon from certain persons related to or involved in law enforcement. Thus, the status of the targeted

5

person as one of the persons specified by the statute is a substantive element of the offense. In part, Section 38.14 makes it a criminal offense to take or attempt to take a weapon from a "peace officer" or, alternatively, from a "commissioned security officer." Thus, a statutory variance arises with respect to a conviction under Section 38.14 when, as in this case, the indictment alleges only "peace officer" but the evidence at trial establishes only "commissioned security officer." *Cf. Johnson*, 364 S.W.3d at 294 (explaining that material variance under retaliation statute occurs when one type of victim under statute is alleged in indictment but different type of victim is proven at trial).

In response to Smith's argument on appeal, the State does not dispute that the evidence at trial established that Smith is a commissioned security officer and not a peace officer and that, as a result, a variance exists in this case. Instead, the State asserts that the variance is immaterial because Ornelas is an "officer" and because Smith was "able to prepare an adequate defense at trial" and "would not be subject to another prosecution under the same facts." The State points out that Subsection (e)(2) states:

> (e)    An offense under [Section 38.14] is:
>
> . . .
>
> (2) a state jail felony, if the defendant attempted to take a weapon described by Subsection (b) from an officer, investigator, employee, or official described by that subsection.

Tex. Penal Code § 38.14(e)(2). The State argues that Section 38.14, when read in whole, establishes that it is an offense to forcibly disarm or attempt to disarm "officers," including peace officers and commissioned security officers. Consequently, in the State's view, the variance between the indictment and the State's proof is non-statutory and immaterial.

6

We disagree with the State's interpretation of the statute and the statute's use of the term "officer." Although subsection (e) uses the more generalized term "officer" to refer to those officers specifically listed in subsection (b) and does not differentiate between "peace officers" and "commissioned security officers" in assessing the offense as a state jail felony, we do not construe subsection (e) as expanding or restricting the elements of the offense found in subsection (b). The statute does not define the offense as forcibly disarming or attempting to disarm "officers"; instead, the statute defines the offense as forcibly disarming or attempting to disarm certain persons, which includes both "peace officers" and "commissioned security officers." Furthermore, the fact that the terms are statutorily defined refutes the notion that they are generic interchangeable terms. *See* Tex. Penal Code §§ 1.07(a)(36) (defining term "[p]eace officer"), 38.14(a)(3) (defining term "[c]ommissioned security officer"). Thus, the variance at issue is properly characterized as a statutory variance, which as previously discussed, is always a material variance. *See Hernandez*, 556 S.W.3d at 313.

Ornelas's status as "peace officer" is an essential element of the offense of forcibly attempting to take a firearm under Section 38.14 as charged in this case. *See id.* at 312 (discussing hypothetically correct charge); *Cada v. State*, 334 S.W.3d 766, 774 (Tex. Crim. App. 2011) (explaining that "if the State pleads one specific element from a penal offense that contains alternatives for that element, the sufficiency of the evidence is measured by the element that was actually pleaded, not any other statutory alternative element"). Because the evidence is legally insufficient to support the judgment of conviction, we sustain appellant's first issue on appeal.[3]

---

[3] Ordinarily, before rendering a judgment of acquittal due to insufficient evidence, we would decide whether to reform the judgment to reflect a conviction for a lesser-included

## CONCLUSION

We reverse the trial court's judgment of conviction and render a judgment of acquittal.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Reversed and Rendered

Filed: January 21, 2021

Do Not Publish

---

offense. *Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014). The State does not suggest, and we fail to see, what potential lesser-included offenses might be supported by the record in this case.